USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8/18/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURA HAGAN,

                Petitioner,

v.

KATZ COMMUNICATIONS, INC.,

                Respondent.

No. 12-cv-5987 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Petitioner Laura Hagan moves this Court to reconsider its Opinion and Order denying Petitioner's motion to vacate an arbitral award entered in favor of Respondent Katz Communications, Inc. and granting Respondent's cross-petition to confirm the award. For the reasons that follow, Petitioner's motion for reconsideration is denied.

## STANDARD OF REVIEW

Reconsideration of a court's prior order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Ferring B.V. v. Allergan, Inc.*, No. 12–CV–2650 (RWS), 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (quoting *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012)). Accordingly, a "motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). "A party seeking reconsideration may neither repeat 'arguments already briefed, considered and decided,' nor 'advance new facts, issues or arguments not previously presented to the Court.'" *Ferring B.V.*, 2013 WL 4082930 at *1 (quoting

*Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). A motion to reconsider "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)

### DISCUSSION

Petitioner raises three arguments: that the arbitration decision retroactively applied a newly created statute of limitations period in violation of due process; that the arbitrator misinterpreted the arbitration clause in deciding that Petitioner had to make a timely written request for arbitration; and that this Court misapplied *Anthony v. Affiliated Computer Servs., Inc.*, 621 F. App'x 49 (2d Cir. 2015). These arguments lack merit.

Petitioner's first two contentions are, in essence, reiterations of her argument that the arbitrator erred in his interpretation and application of the limitations period in the arbitration clause, an argument which has "already [been] briefed, considered and decided." *Ferring B.V.*, 2013 WL 4082930 at *1. For the reasons explained in the Court's previous Opinion, the arbitrator's decision that Petitioner's claims were time barred under the terms of the arbitration clause was an interpretation of the terms of the contract and did not disregard "well defined, explicit, and clearly applicable" federal law. *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 n.1 (2d Cir. 2011); *see* Opinion, Dkt. 37, at 9–10.

"[T]he issue of timeliness of the demand is for the arbitrator and not for the court." *N. Ferry Co. v. Local 333, United Marine Div., Int'l Longshoremen's Ass'n, AFL-CIO*, 338 F. Supp. 2d 430, 434 (E.D.N.Y. 2004). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court's conviction that the arbitrator has committed serious error in resolving the disputed issue does not suffice to overturn his decision." *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009)

(internal quotation marks omitted). Only where an arbitrator "strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice" is the resulting award unenforceable as exceeding the bounds of the arbitrator's authority. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (internal quotations marks omitted). And only if the arbitrator "intentionally defied the law" can an arbitral award be vacated for manifest disregard of federal law." *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 78 (2d Cir. 2011). The timeliness of the arbitration demand was for the arbitrator to decide and in rendering his decision, he did not exceed his authority nor manifestly disregard federal law.

Petitioner's third argument is that *Anthony v. Affiliated Computer Servs., Inc.*, 621 F. App'x 49 (2d Cir. 2015), cited by the Court in its previous Opinion, is only relevant "where a party has prior written notice of its obligation to either file a complaint or make a demand for arbitration within a[] set period of time." Pet.'s Mem., Dkt. No. 42, at 16. The Court disagrees. The Plaintiff in *Anthony* argued that the arbitrator could not apply the ninety day statute of limitations set forth by Title VII of the Civil Rights Act of 1964 to find his demand for arbitration untimely, but the Court held that applying the ninety-day statute of limitations was an interpretation of the arbitration clause which did not exceed the arbitrator's authority. In any event, the Court does not need to rely on *Anthony* to conclude the arbitrator's decision was not an abuse of his authority and did not manifestly disregard federal law.

## CONCLUSION

Plaintiff's motion for reconsideration is thus denied. The Court recognizes that the arbitrator's decision has severe consequences for Ms. Hagan, but "the question for a judge is not whether the arbitrator construed the parties' contract correctly, but whether he construed it at all."

3

*Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2071 (2013). Because he did, as Justice Kagan remarked in *Oxford Health Plans LLC*, "[t]he arbitrator's construction holds, however good, bad, or ugly." *Id.*

The Clerk of the Court is respectfully requested to close the motion pending at Docket Number 40 and close this case.

SO ORDERED.

Dated: August 18, 2017
New York, New York

Ronnie Abrams
United States District Judge

4